**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HOWARD JONES** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:26-cv-03064-JDW** |
| | : | |
| **HENRY HAUSE,** ***et al.,*** | : | |
| **Defendants.** | : | |

## MEMORANDUM

Howard Jones brings claims for violations of his constitutional rights against Henry Hause, the Forman of the C.I. Laundry at SCI-Phoenix; L. Durand, a Grievance Coordinator; Joseph Terra, the Superintendent of SCI Phoenix; and a Floor Supervisor of C.I. Laundry whose last name is Stever. I will grant Mr. Jones's application to proceed in forma pauperis. After screening the Complaint, I will dismiss it in part with prejudice and in part without prejudice. I will permit Mr. Jones to file an amended complaint to reassert his First Amendment retaliation claims.

## I. FACTUAL ALLEGATIONS

Mr. Jones worked at the prison laundry at SCI Phoenix. Despite Mr. Jones having medically related work restrictions, on January 29, 2025, Messres. Hause and Stever assigned Mr. Jones to a "medically inappropriate assignment to push carts." (ECF No. 2 at 6.) Mr. Jones explained to Messrs. Hause and Stever that he was unable to push carts due to damage in his knee. At the end of the workday, Mr. Stever told Mr. Jones not to return

to work until the following Monday. Mr. Jones returned to work on a few occasions over the next week, but Mr. Hause or Mr. Stever told him to return to his block. On one occasion, Mr. Jones asked Mr. Hause if he "could speak to him about what was going on," and Mr. Hause said no and called him "the lawsuit guy." (*Id.* at 8.)

On July 24, 2025, a "late staffing and a vote" took place, and Mr. Jones was permitted to return to work. (*Id.* at 6, 19.) On September 25, 2025, "a second staffing to take place based on the same exact set of facts and information," which resulted in Mr. Jones being removed from his laundry position. (*Id.*) Mr. Jones was eventually told that he lost his job because he refused to stay beyond work hours and refused to work. Mr. Jones received backpay for the time between the date of the original staffing and the date he was removed. However, Mr. Jones believes that he should have received backpay from late January through early October. According to Mr. Jones, he is entitled to backpay for the entire amount because it was an "unreasonable decision by C.I. Laundry staff to stop [him] from working without a misconduct, without a write-up, without a sanction for months." (*Id.* at 23.) Mr. Jones alleges that Ms. Durand was responsible for the miscalculated backpay. Based on these allegations, Mr. Jones asserts claims for violations of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983.

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. See *Walker v. People Express Airlines, Inc.*, 886 F.2d

598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. See *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. See *Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe his allegations liberally. See *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

### A. *In Forma Pauperis*

I will grant Mr. Jones leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1]

[1]Because Mr. Jones is a prisoner, he must pay the filing fee in installments in accordance with the Prison Litigation Reform Act. See *28* U.S.C. § 1915(b).

**B. Plausibility Of Claims**

Mr. Jones asserts constitutional claims pursuant to § 1983, the vehicle by which plaintiffs may bring federal constitutional claims against state actors in federal court.[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, each defendant's personal involvement in the alleged constitutional violation is a required element, so a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

**1. Loss of prison job**

Inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection. *See James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989). Similarly, an inmate's termination from a prison job does not implicate an Eighth Amendment right to be free from cruel and unusual punishment. *See Watson v. Sec'y Pa. Dep't of Corr.*, 567 F. App'x 75, 78 (3d Cir. 2014). For this reason, I will

---

[2]In addition to the Eighth and Fourteenth Amendments, Mr. Jones also references the Fifth Amendment. Mr. Jones does not allege any facts that would invoke the Fifth Amendment, and passing references to legal provisions do not state a plausible constitutional claim. See *Higgins v. Bayada Home Health Care Inc., 62* F.4th 755, 763 (3d Cir. 2023). I will therefore dismiss any claim arising under the Fifth Amendment.

dismiss with prejudice as implausible any Fourteenth Amendment due process claim or Eighth Amendment claim predicated on Mr. Jones's removal from his laundry job.

**2. First Amendment retaliation**

A prisoner can state a retaliation claim under the First Amendment based on the loss of his prison job. See *Watson*, 567 F. App'x at 78. To state a plausible First Amendment retaliation claim, "a prisoner must allege that: (1) he was engaged in constitutionally protected conduct, (2) he suffered some adverse action at the hands of prison officials, and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take that action." *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017). As to the first element, a prisoner's filing of a lawsuit, grievance, or other complaint, or even expressing an intent to do so to prison authorities, is constitutionally protected conduct. *See Watson v. Rozum*, 834 F.3d 417, 422-23 (3d Cir. 2016). As to the second element, an adverse action "is one sufficient to deter a person of ordinary firmness from exercising his First Amendment rights," and "need not be great in order to be actionable; rather, it need only be more than *de minimis*." *Id.* at 422 n.6, 423 (citation modified). To satisfy the third element, a prisoner must allege a causal link between the specific protected activity and the adverse action. *See* Wisniewski*,* 857 F.3d at 156. The timing of the allegedly retaliatory behavior relative to the constitutionally protected conduct may establish a causal link between the two for purposes of establishing motivation. *See Watson*, 834 F.3d at 422*.*

To the extent Mr. Jones intends to assert a First Amendment retaliation claim, that claim lacks sufficient development. He alleges that he lost his prison job in retaliation for filing grievances and that Mr. Hause called him the "lawsuit guy," but he does not include any information about the prior grievances, including when he filed them. Thus, he does not plausibly allege the requisite causal connection between a protected activity and any alleged retaliatory conduct. Without additional information, I cannot "draw the reasonable inference that [any named] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, I will dismiss Mr. Jones's First Amendment retaliation claims without prejudice and permit him to amend these claims.

### 3. Claims against Ms. Durand and Mr. Terra

Mr. Jones alleges that Ms. Durand, the "Leading Grievance Coordinator" at SCI Phoenix, violated prison policy by not providing Mr. Jones his full backpay in response to his grievance. I understand Mr. Jones's claims against Ms. Durand to be limited to how she handled his grievance and grievance responses. A prisoner has no constitutional right to a grievance process. *See Gerholt v. Wetzel*, 858 F. App'x 32, 34 (3d Cir. 2021) (*per curiam*). Moreover, to the extent that Mr. Jones asserts any claims against Mr. Terra based on his involvement in upholding the grievance officer's response, I will dismiss the claim for the same reason.[3]

---

[3]Because I have already dismissed Mr. Jones's Eighth and Fourteenth Amendment claims against Mr. Terra and no allegations connect Mr. Terra to any retaliatory conduct, I will dismiss all claims against Terra with prejudice.

## IV. CONCLUSION

I will grant Mr. Jones leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. I will dismiss Mr. Jones's claims asserted under the Fifth, Eighth, and Fourteenth Amendments, and his claims against Mr. Duran with prejudice. I will dismiss Mr. Jones's First Amendment retaliation claims without prejudice. Mr. Jones may file an Amended Complaint if he can cure the defects I noted. An Order follows with additional instructions as to amendment.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

October 2, 2026